UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

William Ball,

        Plaintiff

 v.

Station GVR Acquisition,

        Defendant

Case No. 2:24-cv-01453-CDS-NJK

**Order Adopting Report and Recommendation of the Magistrate Judge and Closing Case**

[ECF Nos. 1-1, 8, 12, 13, 14]

      On September 26, 2024, Magistrate Judge Nancy Koppe issued a report and recommendation ("R&R") that I strike plaintiff William Ball's unsigned complaints and dismiss this action without prejudice. R&R, ECF No. 12. Judge Koppe entered the recommendation after Ball failed to refile a *signed* amended complaint by September 24, 2024. Order, ECF No. 9. Ball had until October 10, 2024, to file any objections to the R&R. ECF No. 12 at 1–2 (citing LR IB 3-2(a) (stating that parties wishing to object to an R&R must file objections within fourteen days)); *see also* 28 U.S.C. § 636(b)(1)(C) (same). As of the date of this order, no objections to the R&R are filed, nor did Ball seek additional time to file objections to the R&R. "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed." *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

      Instead, more than two weeks after the September 24 deadline passed, and without filing a motion to extend time pursuant to Local Rule IA 6-1,[1] Ball filed a signed version of his complaint, which the Clerk's Office docketed as a second amended complaint ("SAC"). While

---

[1] Under the local rules of this district, a motion or stipulation to extend time must state the reasons for the extension requested and must inform the court of all previous extensions of the subject deadline that the court granted. LR IA 6-1. The rules further state that requests for extensions made after the deadline has expired will not be granted unless the movant or attorney demonstrates that the failure to file the motion before the deadline expired was the result of excusable neglect. *Id.*

Ball is pro se, he must still abide by the rules of this court. *See Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("[P]ro se litigants are bound by the rules of procedure."); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). The signed complaint was not filed timely and Ball neither moved this court for more time to file it, nor provided any explanation as to why it was untimely. I therefore strike the filing at ECF No. 13. I hereby adopt Judge Koppe's report and recommendation in full and dismiss this action without prejudice. If Ball wishes to pursue his claims against Station GVR Acquisition, he must file a complaint in a new case.

## Conclusion

IT IS THEREFORE ORDERED that Judge Koppe's report and recommendation **[ECF No. 12] is adopted in its entirety**. Ball's unsigned complaints **[ECF Nos. 1-1, 8] are stricken**.

IT IS FURTHER ORDERED that the untimely, signed complaint **[ECF No. 13] is stricken.**

Because this action is dismissed without prejudice, defendant's motion to dismiss **[ECF No. 14] is denied as moot.** The Clerk of Court is kindly instructed to enter judgment accordingly and to close this case.

Dated: October 22, 2024

_____
Cristina D. Silva
United States District Judge