UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| William H. Ball,<br><br>                    Plaintiff<br><br>   v.<br><br>Station GVR Acquisition,<br><br>                    Defendant | Case No. 2:24-cv-01453-CDS-NJK<br><br>**District Court's Response to Ninth Circuit's Referral Notice**<br><br>[ECF No. 19] |

      This case came before the court on pro se plaintiff William Ball's complaint alleging age-related employment discrimination accompanied by an application to proceed *in forma pauperis* (IFP). ECF No. 1. Before Ball's complaint and IFP application were screened by the magistrate judge, and before being served, defendant Station GVR Acquisition filed a motion to dismiss. ECF No. 3. The court had not ruled on Station GVR's motion when Ball filed his amended complaint on September 5, 2024. ECF No. 8. However, because Ball failed to sign the amended complaint, Magistrate Judge Nancy J. Koppe ordered him to refile a signed version by September 24, 2024. ECF No. 9. Two days later, on September 12, 2024, Ball filed his opposition to Station GVR's motion to dismiss. ECF No. 10. On September 25, 2024, I issued a minute order denying as moot the motion to dismiss because it targeted the original complaint. ECF No. 11. After Ball failed to file a signed amended complaint by the September 24 deadline, Judge Koppe issued a report and recommendation (R&R) that Ball's unsigned complaints be stricken and that the case be dismissed without prejudice. ECF No. 12. Ball had until October 10, 2024, to file any objections to the R&R. *Id.* at 1–2 (citing LR IB 3-2(a) (stating that parties wishing to object to an R&R must file objections within fourteen days)); *see also* 28 U.S.C. § 636(b)(1)(C) (same). Ball did not object to the R&R, nor did Ball seek additional time to do so. Instead, more than two weeks after the deadline passed, and without explanation for its untimeliness, Ball filed a

signed version of his amended complaint. ECF No. 13. I thus adopted Judge Koppe's recommendation and dismissed this action without prejudice. ECF No. 16. I note that in that order, Ball was cautioned that even as a pro se litigant, he must abide by the rules of the court. *Id.* at 2. Ball has now filed a notice of appeal. ECF No 18. The United States Court of Appeals for the Ninth Circuit has referred this matter to me for the limited purpose of determining whether IFP status should continue for Ball's appeal or whether the appeal is frivolous or taken in bad faith. Ref. notice, ECF No. 21; *see also* 18 U.S.C. §1915(a)(3).

An appeal may not be taken IFP if the trial court certifies that the appeal is frivolous or taken in bad faith. 28 U.S.C. § 1915(a)(3); *see also Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) (revocation of IFP status is appropriate where the district court finds the appeal to be frivolous). For purposes of § 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (stating that an indigent appellant is permitted to proceed IFP on appeal only if the appeal would not be frivolous). The good faith requirement is satisfied if the appellant seeks review of an issue that is not frivolous. *See Gardner*, 558 F.2d at 550.

Ball's claims of error are not applicable here. Ball asserts that (1) he filed a memorandum in opposition to the motion to dismiss; (2) there were insufficient grounds for dismissal; and (3) dismissal means that, should he file a new case, the filing date will exceed the statute of limitations. ECF No. 18. As outlined above, Ball's case was dismissed for his failure to comply with the court's order to file a signed amended complaint. He further failed to object to Judge Koppe's recommendation to dismiss this case based on his failure to comply. And "no review is required of a magistrate judge's report and recommendation unless objections are filed." *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). The claim was thus properly dismissed without prejudice.

## Conclusion

For these aforementioned reasons, I find that the appeal is not taken "in good faith" and is therefore frivolous. This order serves as notice that Ball's *in forma pauperis* status should not continue on appeal.

Dated: December 19, 2024

_____
Cristina D. Silva
United States District Judge